**Lois UNDERWOOD, Plaintiff,**

**v.**

**JEFFERSON MEMORIAL HOSPITAL, Defendant.**

**No. 79–177C(4).**

United States District Court, E. D. Missouri, E. D.

Jan. 9, 1980.

Raymond Howard, St. Louis, Mo., for plaintiff.

D. Michael Linihan, McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court for a decision on the merits following a one-day bench trial held on Wednesday, November 7, 1979. Plaintiff brings this action under 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 to recover damages resulting from alleged racial discrimination in employment.

Having considered the pleadings, testimony of witnesses and documents introduced at trial, the stipulations of the parties, and

being otherwise fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law.

### Findings of Fact

1. The plaintiff, Lois Underwood, is a black female and a former employee of the defendant, Jefferson Memorial Hospital.

2. The defendant hospital is a not-for-profit corporation engaged in the business of hospital and health care service to the general public. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and is subject to the Act by virtue of 42 U.S.C. § 2000e(b).

3. Plaintiff filed charges of employment discrimination against the defendant with the Equal Employment Opportunity Commission and received a notice of right to sue from the Commission permitting her to institute this suit.

4. During the period in question, plaintiff was employed by defendant as a respiratory therapy technician.

5. Plaintiff's physician, Dr. Raymond C. Doucette, on March 23, 1978, certified that plaintiff was under his care for pregnancy with an anticipated date of delivery of April 28, 1978. Her physician suggested she begin maternity leave of absence on April 1, 1978.

6. On March 31, 1978, plaintiff was hospitalized attendant to the birth of her child. Being hospitalized, plaintiff was unable to sign a form requesting maternity leave of absence.

7. Plaintiff's husband promptly notified the defendant employer of plaintiff's hospitalization.

8. Because plaintiff did not complete a leave of absence form required by the defendant employer, defendant terminated plaintiff's employment on or about April 14, 1978.

9. Although several other employees had been granted leave during hospitalization even though a request for leave of absence form had not been signed, not all such employees were white.

### Conclusions of Law

1. This Court has jurisdiction under the provisions of 42 U.S.C. §§ 1981 and 2000e.

2. Plaintiff has failed to establish a prima facie case of racial discrimination by showing that defendant treated her, as a member of a racial minority differently than white employees. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

3. Judgment will be entered in favor of defendant and against plaintiff, and the cause will be dismissed with prejudice and costs assessed against plaintiff.