Margaret S. WILSON, Appellant,

v.

LEGAL ASSISTANCE OF NORTH DAKOTA, et. al., Appellees.

No. 80–2061.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1981.

Decided Feb. 1, 1982.

Rehearing and Rehearing En Banc
Denied March 31, 1982.

Vance Gillette, argued, Bismarck, N.D., for appellant.

John C. Kapsner, argued, Michael J. Williams, Kapsner & Kapsner, Bismarck, N.D., for appellees.

Before BRIGHT and ROSS, Circuit Judges, and DEVITT,* Senior District Judge.

DEVITT, Senior District Judge.

Margaret S. Wilson (Wilson) appeals from an order of the district court dismiss-

* The Hon. Edward J. Devitt, United States Senior Judge, District of Minnesota, sitting by des- ignation.

ing her claims. This is an action brought under 42 U.S.C. § 1981 alleging discrimination in employment on account of race.[1] Also plaintiffs in this action were several American Indian organizations, the United Tribes Educational Technical Center (UTETC), the Turtle Mountain Band of Chippewa, and the Devils Lake Sioux Tribes.[2] They did not appeal the district court's order. A trial to the court was held from September 3 through 10, 1980.

Wilson is an American Indian attorney who sought employment with the defendant, Legal Assistance of North Dakota (LAND). She graduated from Hastings College of Law in San Francisco and had some experience in California in the field of Indian law. She was interested in employment in North Dakota because of the possible opportunities in Indian law.

During December 1979, LAND was being considered as a grantee of federal funds to provide legal services to American Indians in the vicinity of Devils Lake, North Dakota. A portion of these funds were to be allocated to hiring an Indian staff attorney. A LAND attorney, without authorization from the LAND Executive Director, and prior to any approval for the funding, contacted Hastings College of Law regarding the Indian staff attorney position. An employment notice was posted at the school regarding the position.

Wilson saw the employment notice during January 1980 and contacted the Bismarck office of LAND by telephone on January 10, 1980 regarding the position. She spoke with Lila Jassman, an Administrative Assistant to the Executive Director. Jassman expressed surprise at Wilson's contact inquiring about a position that had not yet been approved.

On February 4, 1980, Wilson again telephoned Jassman regarding the staff attorney position. Jassman told Wilson to submit a resume to LAND. Wilson formally applied for the position on February 12, 1980 by submitting a letter and resume to LAND.

The approval for funding for the staff attorney position was received by LAND on February 21, 1980. The funds were received on March 4, 1980, at which time the LAND Executive Director, Linda Catalano, decided to fill the staff attorney position within six weeks. An official announcement was placed in the March issue of the Legal Services Job Vacancy Bulletin. Wilson again contacted LAND on February 27, 1980 and spoke with Jassman, who informed her that no interviews would be scheduled until after the publication of the announcement of the opening in the Legal Services bulletin. No applications were received until mid-March 1980, and processing of these applications was not completed until April 7, 1980.

On April 7, 1980 Executive Director Catalano directed Jassman to schedule interviews to be held on April 16, 1980. Four individuals were selected for interviews, one of whom was Wilson. After several efforts, contact with Wilson was made on April 10, 1980, and she was invited to interview. The district court found that, because Wilson believed as early as February that she was being discriminated against by LAND, she declined to interview. This action was filed on April 15, 1980, at which time Wilson unsuccessfully sought a temporary restraining order to prohibit LAND from filling the staff attorney position.

The standards to be applied in evaluating a claim of racial discrimination in employment are the same as those applied in actions brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

1. As originally filed, the defendants in this action were Legal Services of North Dakota (LAND), individual employees of LAND, the Denver regional office of the Legal Services Corporation, and the Legal Services Corporation, Washington, D.C. Plaintiff asserted five theories of recovery. The Denver regional office of the Legal Services Corporation and Legal Services Corporation, Washington, D.C. were dismissed from the suit, as were four of plaintiffs' five claims. No appeal has been taken with regard to these dismissals.

2. UTETC was dismissed prior to trial because it had no standing to assert a claim under 42 U.S.C. § 1981. It did not appeal this dismissal.

§ 2000e *et seq.* *See Person v. J.S. Alberici Construction Co., Inc.*, 640 F.2d 916, 918 (8th Cir. 1981). Wilson's claim is essentially one of disparate treatment, *i.e.,* that LAND treated her less favorably than other prospective employees because of race. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 325, n.15, 97 S.Ct. 1843, 1849, n.15, 52 L.Ed.2d 396 (1977).

Plaintiff is required to establish a *prima facie* case of discrimination before the burden shifts to the defendant to show legitimate nondiscriminatory considerations upon which its actions were based. *See Heymann v. Tetra Plastics Corp.*, 640 F.2d 115, 120 (8th Cir. 1981). Plaintiff must prove 1) differences in treatment, and 2) a discriminatory motive on the part of the employer. *Underwood v. Jefferson Memorial Hospital*, 639 F.2d 455, 457 (8th Cir. 1981).

The proof necessary to establish a *prima facie* case of discrimination will vary depending upon the facts of each case. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802, n.13, 93 S.Ct. 1817, 1824, n.13, 36 L.Ed.2d 668 (1973). In cases involving rejection from employment, it is generally required that plaintiff show: 1) that she is a member of a protected class; 2) that she was qualified for the position for which applicants were being sought; 3) that she was rejected for the position; and 4) that after the rejection the position remained open and the employer continued to seek applicants with the same qualifications the plaintiff possesses. *See Meyer v. Missouri State Highway Commission*, 567 F.2d 804 at 808 (8th Cir.).

In reviewing Wilson's claims of error, this court is mindful of the rule that it must accept the district court's findings of fact unless they are clearly erroneous. *See* Fed.R.Civ.P. 52(a). Here, the district court found that Wilson was never rejected for the staff attorney's position. She was con-tacted and offered an interview at the same time three other applicants were offered interviews. Because Wilson had already concluded that LAND was discriminating against her, she refused to be interviewed. The district court found that she was not interviewed sooner because of her premature application for the position. The district court noted that this misunderstanding arose because, as a result of LAND's poor organization, it failed to communicate to plaintiff that her application was premature.

The district court's findings are not clearly erroneous, and the court properly applied the applicable principles of law. Accordingly, the judgment of the district court is hereby affirmed.[3]

---

**3.** LAND seeks double costs and damages pursuant to Fed.R.App.P. 38, asserting that plaintiff's appeal is frivolous. Because the district court did not clearly set forth the standards it was applying to the facts of this case, the plaintiff argued that the proper legal standards were not applied to the evidence. While we hold that plaintiff's claims are not meritorious, it cannot be said the appeal was frivolous.