**Dr. Premanand WAGH, Appellant,**

v.

**Robert NIMMO, Director of the Veterans Administration, in his official capacity, Appellee.**

No. 82–1790.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1983.

Decided May 3, 1983.

Richard Quiggle, Little Rock, Ark., for appellant.

Diane S. Mackey, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT and FAGG, Circuit Judges, and JONES,* District Judge.

PER CURIAM.

Dr. Premanand V. Wagh filed this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.,* claiming that the Veterans Administration discharged him from his position as a biochemist because of his race and national origin.

Following a bench trial, the district court[1] found (1) that Dr. Wagh, a native of India, established a *prima facie* case of employment discrimination; (2) that the Veterans Administration produced sufficient evidence to show a legitimate non-discriminatory reason for Dr. Wagh's dismissal—he did not perform the job for which he was principally employed; and (3) that Dr. Wagh failed to prove that this reason for his discharge was a pretext for unlawful discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

On the ultimate factual issue in the case, the district court found that the Veterans Administration had not intentionally discriminated against Dr. Wagh. *United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). The issue in this court is whether such finding is clearly erroneous.

When applying the clearly erroneous standard to the district court's findings of fact, as required by Fed.R.Civ.P. 52(a), a reviewing court must not overturn those findings unless it is left with the definite

conviction that a mistake has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). The evidence in this case amply supports the district court's decision. We cannot say, after reviewing the record, that we are left with a definite conviction that a mistake was committed by the district court's finding that the discharge was based on a legitimate non-pretextual reason.

Accordingly, the judgment of the district court for the Veterans Administration is affirmed.

* The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.