Kareem Dawud FARRAKHAN, Plaintiff,

v.

DEL MONTE SALES COMPANY, Defendant.

No. CV 79-0-633.

United States District Court, D. Nebraska.

July 14, 1983.

Steven M. Watson, Omaha, Neb., for plaintiff.

James C. Zalewski, Lincoln, Neb., for defendant.

## MEMORANDUM OPINION

BEAM, District Judge.

This matter is before the Court after trial to the Court and submission of final written arguments. Plaintiff, a black, single male of the Muslim faith, charges that the defendant discriminated against him on the basis of race, marital status, sex and religion in refusing to hire him for the position of sales representative in 1979. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

In Title VII actions alleging discriminatory treatment, the Supreme Court has recently reiterated the standards governing the order and allocation of proof.

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, non-discriminatory reason for the [employment action]" .... Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

The nature of the burden that shifts to the defendant should be understood in light of the plaintiff's ultimate and intermediate burdens. The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff .... The *McDonnell Douglas* division of intermediate evidentiary burdens serves to bring the litigants and the court expeditiously and fairly to this ultimate question.

*Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (citations omitted).

In order to establish a prima facie case of unlawful discriminatory treatment in the context of hiring, a claimant must show: (1) that he belongs to a protected class; (2) that he applied and was qualified for the position in question; (3) that despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications.

*Wilson v. Legal Assistance of North Dakota*, 669 F.2d 562, 564 (8th Cir.1982); *Joshi v. Florida State Univ.*, 646 F.2d 981, 986 (5th Cir.1981), *cert. denied*, 456 U.S. 972, 102 S.Ct. 2233, 72 L.Ed.2d 845 (1982).

Once a prima facie case has been established, the employer is entitled to present evidence of a legitimate nondiscriminatory reason for the failure to hire plaintiff or the choice to hire someone else instead. *See Danzl v. North St. Paul-Maplewood-*

*Oakdale Ind. School Dist.*, 706 F.2d 813, 816 (8th Cir.1983). The employer need only produce evidence "sufficient to raise a genuine factual issue as to whether plaintiff was discriminated against." *Johnson v. Bunny Bread Co.*, 646 F.2d 1250, 1254 (8th Cir.1981). Plaintiff may demonstrate that the proffered reason for the failure to hire him was in fact a pretext for racial or other unlawful discrimination. *Danzl*, 706 F.2d at 816.

Moreover, the Supreme Court has recently explained that once the evidence of both sides has been received by the Court, the only relevant inquiry is whose explanation the Court believes. *See United States Postal Service Board of Governors v. Aikens*, —— U.S. ——, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983):

> [W]hen the defendant fails to persuade the district court to dismiss the action for lack of a prima facie case, and responds to the plaintiff's proof by offering evidence of the reason for the [adverse employment action], the fact finder must then decide whether the [adverse employment action] was discriminatory within the meaning of Title VII.... At this stage, the *McDonnell-Burdine* presumption "drops from the case," ... and "the factual inquiry proceeds to a new level of specificity."
>
> . . . . .
>
> The "factual inquiry" in a Title VII case is "whether the defendant intentionally discriminated against the plaintiff." ... The *prima facie* case method established in *McDonnell Douglas* was "never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." ... Where the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant. The district court has before it all the evidence it needs to decide whether "the defendant intentionally discriminat-

ed against the plaintiff." ... In short, the district court must decide which party's explanation of the employer's motivation it believes.

*Id.* at —— ——, 103 S.Ct. at 1482 (citations omitted).

■ The foregoing principles concerning the order and allocation of proof in Title VII discriminatory treatment cases also apply to actions founded on 42 U.S.C. § 1981. *Walker v. Internat'l Business Machines*, 698 F.2d 959, 961 (8th Cir.1983); *Person v. J.S. Alberici Construction Co., Inc.*, 640 F.2d 916, 918 (8th Cir.1981). A claim under Section 1981 also requires "evidence of defendant's discriminatory intent, as that section reaches only purposeful discrimination." *Taylor v. City of St. Louis*, 702 F.2d 695, 697 (8th Cir.1983).

In early 1979, defendant advertised with the Nebraska Job Service an opening for the position of sales representative. Plaintiff responded, and an interview was scheduled for January 11, 1979, with Richard Taylor, defendant's Omaha, Nebraska, sales office manager. After the interview, plaintiff was informed that he would be contacted if further meetings were required. Plaintiff telephoned Mr. Taylor a number of times after the interview to reiterate his interest in the job. Plaintiff was then notified by a letter dated March 1, 1979, that he would not be hired for the position. Subsequently, Joseph Shoffner, a black male, was selected to fill the opening.

The relevant evidence in this case consists primarily of conflicting accounts as to the content of the interview on January 11, 1979. Plaintiff's testimony that discussions occurred regarding his race, religion, marital status and sex was vigorously denied by Mr. Taylor at trial. Taylor, an experienced interviewer with an M.B.A. degree in personnel administration, testified that he was unable to establish any rapport with plaintiff during the interview. He indicated that plaintiff spent most of the meeting staring out of the window, giving terse, short answers to Taylor's questions. Plaintiff's qualifications, education and experience did not compensate for his uncom-

municative demeanor. Taylor indicated that he was seeking a sales person with an out-going personality, good eye-contact, pleasant disposition and other personal characteristics which would indicate the ability to establish good interpersonal relationships with customers and others, and that plaintiff did not exhibit these traits. The interview summary sheet reflects Taylor's impressions in this regard.

 The Court is persuaded that Mr. Taylor's account of the interview was accurate, and that the basis for plaintiff's rejection was his failure to demonstrate any of the sales personnel attributes sought by defendant, not plaintiff's race, marital status, sex or religion. An employer is not required to give preferential treatment to a minority applicant. *Griggs v. Duke Power Co.*, 401 U.S. 424, 430–31, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971).

Moreover, the record does not suggest that Joseph Shoffner, ultimately chosen for the job, lacked qualifications for the position, or even that he was less qualified than plaintiff. "An employer has discretion to select one individual from a group of qualified candidates for a vacancy." *Sales v. Department of Justice*, 549 F.Supp. 1176, 1184 (D.D.C.1982).

 The evidence in this case does not support an inference of discrimination on any unlawful basis. Even if plaintiff established a prima facie case, the Court believed the defendant's proffered legitimate reasons for its hiring decision. Plaintiff did not succeed in establishing that the defendant's reasons were pretextual. Similarly, the record does not substantiate plaintiff's claims of libel, slander and infliction of emotional distress.

Accordingly, judgment will be entered in favor of the defendant in accordance with this Memorandum Opinion.