**Barton S. MANN, Jr.,**
**Plaintiff-Appellant,**

v.

**MILGRAM FOOD STORES, INC.,**
**Defendant-Appellee.**

No. 83–1410.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1983.
Decided March 29, 1984.
Rehearing Denied May 2, 1984.

Samuel I. McHenry, Legal Aid of Western Mo., Kansas City, for plaintiff-appellant.

John D. Dunbar, Kansas City, Mo., for defendant-appellee; Margolin & Kirwan, Kansas City, Mo., of counsel.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Barton Mann appeals from an adverse judgment of the district court on his religious discrimination claim brought under Title VII, 42 U.S.C. § 2000e–2(a)(1) (1976). He argues that the district court[1] was clearly erroneous in its finding that he was not in training for a produce manager's position, that Milgram's made reasonable efforts to accommodate his religious needs, that he was not subject to retaliatory discipline and that his layoff was not the result of religious discrimination. We affirm the judgment of the district court.

Mann's claim arises out of his religious conversion process which culminated in his becoming a Seventh Day Adventist. His new faith mandated that he not work on Saturdays as Seventh Day Adventists are required to refrain from labor from sundown Friday to sundown Saturday. Mann notified Milgram's of his religious needs in October of 1979; he was then transferred from a position in the produce department to another store as a grocery clerk. Mann had worked for Milgram's for three years without discipline. Thereafter, from November 1979, to the end of his employment on February 5, 1981, Mann was disciplined a total of nine times. On that date he was laid off.

Mann brought this action under 42 U.S.C. § 1981 (1976) and under Title

---

1. The Honorable Elmo B. Hunter, Senior District Judge for the Western District of Missouri.

**1188**

VII. A jury found for Milgram's on the section 1981 claim. The district court, analyzing the case as required by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); and *Brown v. General Motors Corp.,* 601 F.2d 956, 959 (8th Cir.1979), found no religious discrimination or retaliation and found that Milgram's had made reasonable efforts to accommodate the religious needs of Mann. Our review of the district court's findings is limited by the clearly erroneous rule. *See Pullman-Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). We may not reverse unless the findings of fact are clearly erroneous, or as explained in *Pullman,* unless we are left with a firm impression that a mistake has been made. 456 U.S. at 284 n. 14, 102 S.Ct. at 1788 n. 14 (quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *Wagh v. Nimmo,* 705 F.2d 1020, 1021 (8th Cir.1983). Additionally, we must give due regard to the district court's opportunity to judge the credibility of the witnesses. *O'Neal v. Riceland Foods,* 684 F.2d 577, 580 (8th Cir.1982); Fed.R.Civ.P. 52(a).

■ Mann contends that the specific finding of the district court that before August, 1979, he was not in training for a promotion to the position of produce manager is clearly erroneous. Mann primarily relies on a letter written in March, 1979, by one of Milgram's personnel directors to confirm his employment and assist him in obtaining a real estate loan. The letter stated that Mann would be "relieving as produce manager working forty hours per week" during the summer, and that "future plans indicate by the end of summer months, he will be classified as a full time employee." The essence of Mann's argument is that the future plans to employ him full time at the rate of pay of produce manager demonstrated that he was being prepared to become a produce manager. The district court found that Milgram's had no produce manager's training program

and that Mann was not in training for a produce manager's position in 1979.

There is some evidence in the record from which inferences could be drawn that would lend support to Mann's contention. It is not disputed that Mann substituted for absent produce managers on two separate occasions of one week each. There was testimony that a person would not be made a produce manager if he had not previously at least relieved a produce manager, and that employees who wrote orders on a produce manager's day off would be evaluated in this respect for promotion. There was also testimony that with additional training and experience Mann might become a good produce manager, and that Mann was being considered for a job as produce manager because of his experience. This evidence creates some inferences that Mann can argue in his behalf, but we cannot conclude that such inferences are sufficiently strong to support a holding that the district court was clearly erroneous in its finding that Mann was not in training for a produce manager's position.

■ Mann next argues that Milgram's did not make a reasonable effort to accommodate his religious beliefs after being informed of his desire not to work Friday night or Saturday. Friday night and Saturday are the busiest periods of time in the Milgram Store. Mr. Briscoe, vice president and director of retail store operations, arranged for Mann to transfer to another store where his seniority would permit him to claim the maximum number of hours available outside of the hours on Friday night and Saturday. Mann was later transferred to Store No. 30 where, due to his seniority, he was again able to claim hours in the produce department where he had expressed a preference. Although Mann testifies that Briscoe told him to find other employment, this was denied by Briscoe. According to Mann he was essentially taken out of contention for promotion by his change in religion.

The district court found that Milgram's transferred Mann in order to accommodate

his religious beliefs, thus allowing Mann to claim the greatest number of hours without working on his Sabbath, and that such accommodation efforts were reasonable. Neither the fact that Mann made alternative accommodation suggestions [2] nor that Milgram's did not accept those suggestions establishes that the district court's findings in this regard are clearly erroneous.

Mann further argues that the finding that there was no retaliation is clearly erroneous in view of the fact that he received nine disciplinary write-ups in a little over a year following his change in religious conviction while he had had none in the three years before. Evidently Mann never filed a grievance contesting any of the written warnings. The evaluation of any inference arising from the commencement of the warnings and the question of whether the warnings demonstrated retaliation or simply a deterioration in Mann's performance were for the district court. *See Walker v. Int'l Business Machines Corp.*, 698 F.2d 959 (8th Cir.1983). Our study of the record does not demonstrate that the district court was clearly erroneous in its finding that Mann was not subjected to retaliatory discipline.

Mann further argues that his layoff in February, 1979, was the result of discrimination and that the district court's finding to the contrary was clearly erroneous. The record established that other part-time employees were laid off at the same time, that full-time employees were cut back to part time and that the reduction was caused by economic reasons. The layoffs were made with consideration of seniority as required by Milgram's collective bargaining agreement. No grievance was filed by Mann, the union, or any other employee as a result of the cutback. Mann presented no evidence sufficient for us to conclude that the district court erred in its finding that Mann's layoff was not the result of religious discrimination or retaliation.

We have carefully reviewed the record of the district court and can only conclude that the findings of fact were not clearly erroneous. The evidence, taken as a whole, fully supports the district court's findings and conclusions and fails to leave us with a definite and firm conviction that a mistake has been made. Therefore the judgment of the district court is affirmed.

---

2. Mann testified that he suggested to Milgram's that (1) he be made a produce manager, with other relief produce managers replacing him on Saturdays, or that (2) he be classified as a relief produce manager, without a regular store but replacing absent produce managers on any day other than Saturday.